present,[2] and depriving him of the right to be served with process, to have a trial by jury and to present evidence in his behalf. We cannot conclude that, simply because Carpenter filed the petition for appointment of conservator, he should be treated differently from any other person against whom a claim is presented.

Reversed.

PER CURIAM.

An applicant for a patent appeals from an adverse decision in an action under U.S.Code, Title 35, § 145. We find no error affecting substantial rights.

Affirmed.

---

**APPLETON ELECTRIC COMPANY, Appellant,**

v.

**Robert C. WATSON, Commissioner of Patents, Appellee.**

No. 13985.

United States Court of Appeals District of Columbia Circuit.

Argued Nov. 27, 1957.

Decided Jan. 3, 1958.

Mr. Edward W. Osann, Jr., Chicago, Ill., of the bar of the Supreme Court of Illinois, pro hac vice, by special leave of Court, with whom Messrs. Andrew B. Beveridge and Joseph A. DeGrandi, Washington, D. C., were on the brief, for appellant.

Mr. S. William Cochran, Atty., U. S. Patent Office, with whom Mr. Clarence W. Moore, Sol., U. S. Patent Office, was on the brief, for appellee.

Before EDGERTON, Chief Judge, and BAZELON and FAHY, Circuit Judges.

**Nell M. LEONARDO, Appellant,**

v.

**Peter S. LEONARDO and Rebecca Auteri, Appellees.**

No. 14006.

United States Court of Appeals District of Columbia Circuit.

Argued Nov. 5, 1957.

Decided Jan. 9, 1958.

2. We need not pass on other possible controversies which arguably might justify relief against Carpenter in the conservatorship proceedings. We are dealing only with a claim against him for funds allegedly belonging to the person under protection.